May it please the Court. I am Christina Neal and I represent the appellate Mr. Roy Shostak, and I would like to reserve two minutes for rebuttal argument. We respectfully request that this Court reserve reversed denial of the motion to suppress and find insufficient probable cause for the search warrant used to search Roy's car. This case started with a phone call from a confidential source to a detective in Helena, Montana, but quite strikingly the confidential informant had never been met by that detective before, so there was no proven reliability with law enforcement with this informant. Also important is the warrant application to the detective of how this informant knew Mr. Shostak or knew about the information that that informant was providing. Ms. Neal, could I ask, it seems to me from looking at the affidavit that the confidential informant piece of it is relatively small in comparison to about 17 paragraphs worth of information in support of the warrant. Why should we look solely at those paragraphs to the exclusion of all the other facts, information that came independently of it? Your Honor, I would think we need to look at the totality, and it was the informant that started that investigation. And I think the big crux then, once you have an informant that has no reliability with law enforcement and there's no information in the application that that informant provided information on how he or she knew Mr. Shostak and their information, then you look at what the cooperation was done by law enforcement. Wasn't there other information that came in that had nothing to do with the informant? You know, I think there was evidence about Ms. Curtis and her car being stopped and drug paraphernalia or drugs found in her car and her connection to the defendant. It seems to me there were other things as well, aside from the confidential informant's information that prompted this investigation. Your Honor, there were other things, but I think it was the informant, I think, that prompted the investigation and started the investigation. And then I think you look to the totality of the circumstances and what cooperation was done. So even if that's true, the informant gave three pieces of information that I'm aware of, that he was driving a Jaguar, he'd be located at one of two locations, and that he's dealing drugs. So the officer corroborated the Jaguar, corroborated the location he would be at, and then when he looked in the car, he saw a marijuana pipe. So how isn't that informant's information completely corroborated? Your Honor, I think that was, I mean, that was, corroboration was over like a two and a half day period. And so I would disagree that that the pipe in the car after Mr. Shostak had been arrested... Well, even grander, I mean, you corroborated the two pieces. Doesn't that suggest that the information is correct, that he's also dealing drugs? Your Honor, I think the corroboration of the two pieces, that he's riding in a black Jaguar or potentially driving the black car, and that he's at a particular trailer, I mean, that's corroboration of very static, innocent type of behavior. It's just probable cause, though. I mean... Why, maybe I'm missing something, but, and so I need you to help clarify my understanding. Why isn't enough, isn't it enough here for us simply to say, look, there was this marijuana pipe on the, in plain view, and within the vehicle, and that was enough for probable cause for the warrant? Your Honor, I think given the state of where Montana was at the particular time, and there was the valid initiative... It had not been passed yet. It had not yet been passed. It had not yet been passed, but it was in motion, I guess. And so the law in place at the time was that this paraphernalia was illegal, or at least it was highly suggested that there was illegal marijuana inside the vehicle, and that's, why isn't that probable cause? And if we, it seems to me that's enough to resolve this case, that by itself, without regard to anything else you've raised. And Your Honor, I think that is a piece of the totality, but I do think that it is important that there was this other information from the informant that is really only corroborated by innocent information, and then looking at that, that within months of that, that that, that there was a change of law, and that paraphernalia was legal, and I think looking at... Sometimes valid initiatives lose. We just found out that yesterday, right? I mean, the law wasn't, the law was the law at the time. It was the law at the time. I think looking, looking prospectively, I think it was, especially if you look at the valid initiative that was there, it has retroactive application for expungement of paraphernalia and in minor marijuana misdemeanor convictions as part of the ballot measure at that time. Is the police required to consider pending ballot measures in thinking about whether they might have probable cause to see something that's currently illegal when they see the marijuana pipe? Your Honor, I think looking at the totality of the circumstances as a Montana detective, knowing that initiative was there, and looking at what he was really starting was based on that informant and the cooperation that he thought that he had acquired or lack there of the last two days. And so I think that's just one piece. And the marijuana pipe, I mean, the information that he had received from the informant was that Mr. Shostak was dealing or distributing the distribution of drugs with a gun. And, and just the single marijuana pipe, I don't think necessarily corroborates a distribution that would have been provided by the informant. So the other corroboration, as I'd mentioned, was completely, was very innocent and static. I mean, you saw people coming and going to the, to the trailer and Mr. Shostak putting a backpack in the car, all pretty common and benign, benign behavior. What the information was lacking from the informant was, was really any type of future behavior. And any, any, like, for example, in Illinois versus Gates, where you have the individual flying down to Florida and information of where he'd be driving to, hotels they'd be staying at. This was completely lacking of any type of future behavior or future activity. And with that, I'll reserve my remaining time. Thank you, counsel. Good morning, and may it please the Court. Jeff Sarnes, the United States, from the District of Montana. And I think I'd like to wade right into where the Court left off with questioning of Ms. Neal regarding the marijuana pipe. I agree with the premise of the question, is the marijuana pipe enough in and of itself to provide probable cause for the search to take place in this case? The answer is absolutely yes. So what's left out of that analysis is that this wasn't just some random person who was unknown to law enforcement. Mr. Shostak was a well-known drug offender who, in fact, was on probation for a drug offense and had absconded. But so, but let's put that aside. Let's say he was completely unknown. Let's say that they had, this was just a car that was impounded because for illegal parking on the street and just impounded because it was towed away. And they saw a pipe, a marijuana pipe. Isn't that sufficient probable cause for a warrant to search the vehicle? Generally speaking, yes. We did have the medical marijuana issue. So they did, in fact, verify that Mr. Shostak was not, in fact, a medical marijuana card holder. But under my hypothetical, let's say we know nothing about the individual. We know nothing at all who owns the vehicle. All we know is that we have, the hypothetical here is that we have a vehicle that's on the street. It's illegally parked and it's towed away because it's illegally parked. And then in the impoundment lot, an officer notices that there's a marijuana paraphernalia in the vehicle. Is that sufficient probable cause for a warrant to search the vehicle? Probably. Probable cause is not a high bar. We know that from case law. So probably in and of itself, that would be sufficient in order to probably search without a warrant. In this case, they sought a warrant and they had a magistrate agree with their assessment of probable cause. So certainly we don't need a warrant. You might not need a warrant, but at least they got a warrant here. So you could go to a magistrate, you get the warrant and say, I see marijuana paraphernalia in the vehicle and that's probable cause to search. Correct. I absolutely agree with the premise there. Right. But so then all the other details we have here don't really... That's exactly right. And really what you have here is a relatively straightforward investigation of somebody who had absconded from probation, who was told by an informant he's over in that general area. Yes. I'm curious your thoughts. Even after that initiative was passed and marijuana... Is it medical marijuana in Montana? It was a full legal use. So there was a medical marijuana exception already, which he was not subject to. So I'm curious your thoughts. Even after that initiative was passed, would the viewing of a maripipe then become probable cause? Probably until the law came into effect. So this initiative was a ballot initiative. It was not passed until November of 2020. This investigation took place in May and June of 2020. But even after the law came into effect... But once the law came into effect... It still violates federal law. I'm just curious if you think that that's enough. Well, I don't know if I'm authorized to speak on behalf of the Department of Justice about that, Your Honor, but... I guess that's true. Nevermind. Just curious about that. I can tell you in my experience, it is exceedingly rare that we've ever touched a marijuana case at the district court level. So I think it would have to be the truck full of marijuana coming across the border that Border Patrol is always yelling at us about. I mean, there are questions about whether or not, as a matter of prosecutorial discretion, you would do so. But that is a separate matter... Correct. ...from the question of the legal technical question of probable cause. Correct. Still, strictly speaking, illegal. And that has not changed. But again, I'm not authorized to speak on behalf of the Department of Justice. So getting back to it, really, when you take into account what law enforcement did is they got some information that a guy that was absconded from probation, who was a known drug offender, was selling drugs. They went and spent a couple of days verifying that information. They saw that individual. They arrested him. They looked in the car that was associated with him. They found the contraband. They got a warrant. And as soon as they got the warrant, they found methamphetamine. And we know the car was associated with him because, if I remember correctly, he admitted that he was driving the car? Or what was the connection? What connected him to the Jaguar? There's a couple of pieces of information. So first of all, the informant said that he was driving a Jaguar. Second of all, contained in the warrant was some information that another police officer saw him riding in that vehicle. A license plate to a black Jaguar was registered at an impound lot where he had taken Ms. Curtis to pick up her vehicle, which had been previously impounded for other drug-related activity just prior to this. And then they saw him coming to and from the car when they were doing the surveillance of him at the home where he was eventually arrested. And really, the final piece is they got the registered owner of that vehicle who said, I just sold that to Mr. Shostak a couple weeks ago. But that was after the search? Correct. But the search didn't take place until after they verified that piece of information. So Mr. Shostak was arrested. They saw the marijuana pipe. They impounded the car. They verified with the registered owner that he had just sold that car. Then they got the warrant. Then they got the bag of meth and the cell phones and everything else that sort of flowed from. So based on the totality of the circumstances, there's just nothing unreasonable about what police did here. So unless the Court has further questions for me. Thank you, counsel. Thank you very much. Thank you, Your Honors. And I would just add, just real quick, if under the state of the law, if it was just the marijuana pipe currently in the car, I don't think that is probable cause. It is legal in Montana. Paraphernalia is in small amounts of marijuana. And as indicated by opposing counsel at the time, it was actually legal for a marijuana card holder at the time to have possessed paraphernalia as well at that time. And so I would just add those remaining comments. Thank you, Your Honors. Thank you, counsel. This case is submitted.
judges: BUMATAY, SANCHEZ, Baker